108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
TEAMSTERS LOCAL NO. 372, INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, AFL-CIO; Detroit Mailers Union No. 2040,
International Brotherhood of Teamsters, AFL-CIO; GCIU Local
Union No. 289, Graphic Communications International Union,
AFL-CIO; GCIU Local Union No. 13N, Graphic Communications
International Union, AFL-CIO; Newspaper Guild of Detroit,
Local 22, the Newspaper Guild, AFL-CIO; Detroit
Typographical Union No. 18, Communication Workers of
America, AFL-CIO; and Metropolitan Council of Newspaper
Unions, Respondents.
 
 No. 96-6033.
 United States Court of Appeals, Sixth Circuit.
 March 10, 1997.
 NLRB, No. 7-CB-10771.
 NLRB
 ORDER ENFORCED.
 Before: MARTIN, Chief Judge; KRUPANSKY and DAUGHTREY, Circuit Judges.
 
 CONSENT ORDER
 
 1
 On August 16, 1996, the Court issued a judgment granting the application of the National Labor Relations Board (the "Board") for the enforcement of a certain order on consent issued by it against Teamsters Local No. 372, International Brotherhood of Teamsters, AFL-CIO (a/k/a Teamsters Local 372); Detroit Mailers Union No. 2040, International Brotherhood of Teamsters, AFL-CIO (a/k/a Detroit Mailers Union # 40, IBT Local Union # 2040); GCIU Local 289, Graphic Communications International Union, AFL-CIO (a/k/a Graphic Communications International Union, Local 289M); GCIU Local Union No. 13N, Graphic Communications International Union, AFL-CIO (a/k/a Graphic Communications International Union, Local 13N); Newspaper Guild of Detroit, Local 22, The Newspaper Guild, AFL-CIO (a/k/a Newspaper Guild of Detroit Local 22); Detroit Typographical Union No. 18, Communications Workers of America, AFL-CIO (a/k/a Detroit Typographical Union # 18 CWA/ITU); and Metropolitan Council of Newspaper Unions (collectively "Respondents"). Thereafter, charges were filed with the Board alleging that Respondents had engaged in conduct violative of the Court's August 16, 1996 Judgment, and the Respondents denied having violated the Judgment. The Board and the Respondents, desiring to settle this mater, and the Respondents not admitting that they have violated the Judgment, have moved the Court to issue this Consent Order and approve the parties' Settlement Stipulation as full disposition of the allegations that Respondents are in contempt of the Court's August 16, 1996 Judgment, and good cause therefore being shown:
 
 I.
 
 2
 IT IS HEREBY ORDERED that said Settlement Stipulation is incorporated herein and is approved and shall be filed.
 
 II.
 
 3
 IT IS FURTHER ORDERED that the Respondents, individually and collectively, their officers, agents, and representatives, shall fully comply with and obey the Court's August 16, 1996 Judgment and this Consent Order, and not in any way, by action or inaction, engage in, induce or encourage any violation of the Court's August 16, 1996 Judgment or this Consent Order.
 
 III.
 
 4
 IT IS FURTHER ORDERED that Respondents shall:
 
 
 5
 (1) Within ten (10) days after service thereof by the Board, duplicate and post copies of the Notice to Members ("Notice"), prepared by the Board and signed by an officer of each Respondent, alongside copies of this Consent Order, in conspicuous places in each of Respondents' business offices and other places within each Respondent's territorial jurisdiction where notices to officers and members are customarily posted, for a period of not less than sixty (60) consecutive days; and maintain said Notices and this Consent Order in clearly legible condition throughout the posting period and insure that they not be altered, defaced, or covered by other material; and provide to the Board's Seventh Regional Office within ten (10) days of posting a listing of the locations where the Notice and Consent Order are posted.
 
 
 6
 (2) Within thirty (30) days after the entry of this Consent Order, provide a copy of the Court's August 16, 1996 Judgment, the signed Notice, and this Consent Order to every officer, agent, or representative of every Respondent employed from August 16, 1996 to the date of entry of the Consent Order, and have each such person sign and date an acknowledgment that they have read and understand that they must comply with the Court's August 16, 1996 Judgment and this Consent Order ("Acknowledgment Receipt"); and within ten (10) days of said delivery, provide the Board's Seventh Regional Office with a list of the names and addresses of all persons to whom delivery was made;
 
 
 7
 (3) Within thirty (30) days after entry of this Consent Order, mail to the Board's Seventh Regional Office a copy of the signed Notice for posting at the offices of the employers affected by these proceedings, for posting at their facilities, if such employers be willing;
 
 
 8
 (4) Have the Notice to Members read by an officer of each Respondent at a regularly scheduled meeting of its membership following entry of this Consent Order, but not more than sixty (60) days after receipt of the Notice. The Board's Seventh Regional Office shall be given at least one (1) week's advance notice of each such meeting and the time designated for such reading; and Board agents shall be permitted to attend the reading in the discretion of the Regional Director.
 
 
 9
 (5) Within thirty (30) days after the entry of this Consent Order, attach a copy of the Court's August 16, 1996 Judgment, the Notice, and this Consent Order to a strike benefit check of each member of any Respondent who is receiving strike benefits and have each such member sign and date a receipt ("Acknowledgment Receipt") acknowledging that they have read and understand that they must comply with the Court's August 16, 1996 Judgment and this Consent Order; and
 
 
 10
 (6) File sworn statements with the Clerk of the Court and with copies thereof to the Board's Contempt Litigation Branch and the Seventh Regional Office within thirty-five (35) days after the entry of this Consent Order, and again within ten (10) days of the expiration of the posting period, showing, with specificity, what steps have been taken by the Respondents to comply with this Consent Order.
 
 IV.
 
 11
 IT IS FURTHER ORDERED that in all future activity covered by the Court's August 16, 1996 Judgment conducted at the places of business and facilities of Detroit Newspapers, Detroit Free Press and The Detroit News, Respondents shall:
 
 
 12
 (1) Designate a picket captain(s) to be in charge of the activities covered by the Court's August 16, 1996 Judgment conducted in the places of business and facilities of Detroit Newspapers, Detroit Free Press and The Detroit News, who will be present at each location where such activity is being conducted and at all times during such activity, and who will take all action reasonably necessary to assure that such activity is conducted in accordance with the Court's August 16, 1996 Judgment and this Consent Order. The authority of such picket captain(s) shall include, but not be limited to, the authority to direct that pickets leave the site and to temporarily suspend picketing operations;
 
 
 13
 (2) Prior to the commencement of activities covered by the Court's August 16, 1996 Judgment conducted at the places of business and facilities of Detroit Newspapers, Detroit Free Press and The Detroit News, provide copies of the Court's August 16, 1996 Judgment and this Consent Order to all participating designated picket captains and members who have not previously signed an Acknowledgment Receipt and have each such participating picket captain(s) and member(s) sign and date such Acknowledgment Receipt indicating that said picket captain or member has read the Court's August 16, 1996 Judgment and this Consent Order and understands that the Court's Judgment and this Consent Order must be complied with;
 
 
 14
 (3) Provide within ten (10) days of the appointment of each future officer, agent, and representative who has not previously signed an Acknowledgment Receipt copies of the Court's August 16, 1996 Judgment and this Consent Order to said officer, agent, or representative, and have each such person(s) sign an Acknowledgment Receipt indicating that they have read the Court's August 16, 1996 Judgment and this Consent Order and understand that the Court's Judgment and this Consent Order must be complied with;
 
 
 15
 (4) Maintain a contemporaneous and legible log of the names of all officers, agents, and representatives and members engaged in activities covered by the Court's August 16, 1996 Judgment conducted at the places of business and facilities of Detroit Newspapers, Detroit Free Press and The Detroit News, at each location where such activity is conducted;
 
 
 16
 (5) Upon request, immediately provide to the Board's Seventh Regional Office copies of the Acknowledgment Receipts and logs referred to in paragraphs III(2), III(5), IV(2) and IV(3) above;
 
 
 17
 (6) Upon request, immediately provide the Board's Seventh Regional Office with the name, title, business address and telephone number of the officers, agents, representatives, and designated picket captains in charge of activities covered by the Court's August 16, 1996 Judgment conducted at a place of business or facility of Detroit Newspapers, Detroit Free Press or The Detroit News, as well as the locations where those in charge served; and
 
 
 18
 (7) Upon written notification from the Board's Seventh Regional Office or Contempt Litigation Branch that a violation of the Court's August 16, 1996 Judgment or this Consent Order may have occurred:
 
 
 19
 (a) conduct a reasonable investigation of allegations of violative activity under the Court's August 16, 1996 Judgment or this Consent Order; and
 
 
 20
 (b) direct that any officer, agent, representative or member, who based on such investigation are determined to have engaged in such violative conduct, cease participation in activities covered by the Court's August 16, 1996 Judgment conducted at the places of business or facilities of Detroit Newspapers, Detroit Free Press or The Detroit News.
 
 V.
 
 21
 IT IS FURTHER ORDERED that in order to assure against future violations of the Court's August 16, 1996 Judgment and this Consent Order, the Court imposes, but does not presently assess, a prospective non-compliance fine not to exceed $5000.00 in collective total against the Respondents, jointly and severally, for each and every violation of the Court's August 16, 1996 Judgment and this Consent Order, and imposes, but does not presently assess, a prospective fine not to exceed $500.00 for each violation by every officer, agent, representative or member of the Respondents who, in active concert and participation with Respondents, individually or collectively, and with notice and knowledge of the Court's August 16, 1996 Judgment or this Consent Order, violates the Court's August 16, 1996 Judgment or this Consent Order, such fines to be assessed in a civil proceeding upon submission of clear and convincing evidence of contempt. In the event of such future violations, the precise amount of fines to be assessed under this provision is for the Court to determine upon consideration of Respondents' awareness of the misconduct and of the nature, severity and extent of the violations found to have occurred. Furthermore, remedial actions taken by the Respondents, including but not limited to those specified in paragraphs IV(7)(a) and (b) above, shall be considered in determining the sanctions to be imposed under the Consent Order.